UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD TREADWELL,**

    **Plaintiff,**

v.

Case No. 2:21-cv-1028
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**STEVEN MNUCHIN.,**

    **Defendant.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Ronald Treadwell, a state inmate who is proceeding without the assistance of counsel, brings this action against former United States Secretary of the Treasury Steven Mnuchin. (Complaint, ECF No. 4 ("Compl.").) Plaintiff was previously granted leave to proceed *in forma pauperis* in this action. (ECF No. 3.) This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

The Complaint alleges that the Internal Revenue Service applied all of the $1200 CARES Act check Plaintiff had expected to receive to payment of his delinquent child support debt. Plaintiff contends that Defendant, as the Agency's policy maker, reasonably should have known that, given the purpose of the check, Plaintiff's failure to receive it would result in his suffering. Accordingly, Plaintiff asserts that Defendant's actions demonstrated deliberate indifference to his suffering in violation of the Eighth Amendment. Plaintiff further alleges that Defendant's actions violated a federal mandate and Ohio Revised Code § 2329.66.

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; . . . .

---

[1] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Initially, the Court notes that Plaintiff fails to indicate in his Complaint whether he is suing Defendant in his official or personal capacity or both. (ECF No.4.) Further, Plaintiff also fails to state in the Complaint the nature of the relief he is seeking. (*Id.*) The Court's review of the civil cover sheet, however, indicates that Plaintiff is seeking $1200 plus "damages" and "costs." (ECF No. 1-2.)

To the extent that Plaintiff intends to sue Defendant in his official capacity, the United States as a sovereign may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896). A plaintiff bears the burden of identifying a waiver of sovereign immunity in order to proceed with a claim against a federal official. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Plaintiff has not identified a waiver of sovereign immunity applicable to his claim. *Easterling v. Sessions*, No. 3:17-CV-328, 2018 WL 4558411, at *2 (S.D. Ohio Sept. 21, 2018); *see also Penson v. Mnuchin*, No. 4:20CV0376, 2020 WL 4432935, at *2 (N.D. Ohio July 31, 2020) (A plaintiff must reference

some statute waiving sovereign immunity for the type of suit he brings). Accordingly, any claims against Defendant in his official capacity must be dismissed.

The Court also notes that Plaintiff indicated on the civil cover sheet that he is bringing his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983. Because Defendant was a federal official, *Bivens* and not § 1983 would apply here. To the extent that Plaintiff's citation to *Bivens* could be construed as Plaintiff's intention to proceed against Defendant in his personal capacity, Plaintiff's claims still fail. "*Bivens* provides a cause of action against federal officials for certain limited constitutional violations of the Fourth, Fifth, and Eighth Amendments." *Hammoud v. Williams*, No. 4:20CV1668, 2020 WL 7046815, at *3–4 (N.D. Ohio Nov. 30, 2020) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-69 (2001)). Even construing Plaintiff's Complaint as asserting a *Bivens* claim, the allegations do not fit within the limited causes of action against federal officials permitted by *Bivens*. *Id*. Moreover, "the expansion of *Bivens* remedies is disfavored." *Id.* (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

Finally, to the extent that the Complaint could be construed liberally as attempting to set forth any additional claims against Defendant in his personal capacity for a violation of either federal or state law, any such claims cannot succeed. As one Court has explained:

> By its terms the CARES Act, Pub. L. 116-136 (Mar. 27, 2020), expressly provides that the "economic impact payment" of up to $1,200.00 per person cannot be offset against the kinds of debts expressly identified in Section 2201(d)(1) to (d)(3) of the Act. However, child support obligations are not one of the debts excepted from setoff. Accordingly, the stimulus payment can be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code. See 26 U.S.C. §§ 6402(c) (2019), 26 U.S.C. § 6428 (2020). The website of the Internal Revenue Service dedicated to the CARES Act

stimulus payment states this clearly: "Your [Economic Impact] Payment will be offset if you owe past-due child support."

*Butler v. CHFS*, No. CV 6:20-234-WOB, 2020 WL 7322717, at *1 (E.D. Ky. Dec. 11, 2020).

Moreover, Plaintiff's attempt to invoke Revised Code § 2329.66(A)(12)(d) as a basis for any claim here fares no better. As the Court understands Plaintiff's claim, it relies on a Notice from the Ohio Attorney General indicating that Ohio considers a CARES Act payment to meet that statute's definition of "a payment in compensation for loss of future earnings" and explaining that payments under the CARES Act are "exempt from attachment, garnishment, or execution under existing Ohio law." (ECF No. 4 at 5.) To the extent that this Notice can be interpreted as setting forth Ohio law on this matter, it would appear to be subject to conflict preemption. "'Conflict preemption occurs where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Beam Partners, LLC v. Atkins*, 340 F. Supp. 3d 627, 637 (E.D. Ky. 2018) (quoting *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008)); *see also Torres v. Precision Indus., Inc.,* No. 20-5492, 2021 WL 1573794, at *4 (6th Cir. Apr. 22, 2021) (conflict preemption applies when federal and state laws conflict in a way that would make compliance with both impossible or when the state law is "an obstacle to the accomplishment and execution of" the federal scheme.) (quoting *Fednav, Ltd. v. Chester*, 547 F.3d 607, 623 (6th Cir. 2008). Accordingly, to the extent Plaintiff's Complaint can be construed as asserting any claims against Defendant in his personal capacity, they must fail.

### IV.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief

on which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the U.S. Department of Justice, 303 Marconi Blvd., Suite 200, Columbus, OH 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: May 3, 2021                                /s/ *Elizabeth A. Preston Deavers*
                                                 ELIZABETH A. PRESTON DEAVERS
                                                 UNITED STATES MAGISTRATE JUDGE