UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD TREADWELL,**

      **Plaintiff,**

v.

**STEVE MNUCHIN,**

      **Defendant.**

Case No. 2:21-cv-1028
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on a Report and Recommendation issued by the Magistrate Judge. (ECF No. 5.) After an initial screen of Plaintiff Ronald Treadwell's Complaint (ECF No. 4) under 28 U.S.C. §§ 1915A and 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted. (ECF No. 5, PageID 49–50.) Plaintiff filed an Objection to the Report and Recommendation. (ECF No. 10.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation.

**I.**     **Background**

Plaintiff filed a Complaint against Defendant Steve Mnuchin, former United States Secretary of the Treasury, claiming that the Internal Revenue Service ("IRS") improperly garnished a $1,200 CARES Act Economic Impact Payment owed to Plaintiff. (ECF No. 4, PageID 39.) He alleges Defendant garnished the payment and sent it to "the county childrens services for the debt that I owe." (*Id.*) Plaintiff, who is incarcerated in an Ohio prison, claims that Defendant acted with deliberate indifference to his medical needs as a prisoner during the Covid-19 pandemic in violation of the Eighth Amendment to the United States Constitution by preventing him from

receiving the check. (*Id.*) He does not state whether he is suing Defendant in his official capacity or his personal capacity. (*See id.*)

## II. Report and Recommendation

The Magistrate Judge concluded that, to the extent plaintiff brings an official capacity claim, the claim is barred under the doctrine of sovereign immunity. (ECF No. 5, PageID 47–48.) To the extent Plaintiff raises a personal capacity claim against Defendant under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) or otherwise, the Magistrate Judge concluded his claim does not fit within the actionable grounds of a *Bivens* claim and otherwise lacks merit because the government may garnish CARES Act payments for child support obligations. (*Id.* PageID 48–49 (citing *Butler v. CHFS*, No. 6:20-234-WOB, 2020 WL 7322717, at *1 (E.D. Ky. Dec. 11, 2020)).)

Accordingly, the Magistrate Judge recommended that the Court dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted. (*Id.* PageID 49–50.) She also recommended the Court certify under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. (*Id.* PageID 50.)

## III. Subsequent Procedural History

The 14-day period for Plaintiff to file an objection to the Report and Recommendation closed without an objection. (ECF No. 6.) Accordingly, the Court adopted and affirmed the Report and Recommendation, entered judgment, and closed the case. (ECF Nos. 6, 7.) Plaintiff then filed a Motion for Leave to File Delayed Objections. (ECF No. 8.) The Court granted the Motion, reopened the case, and vacated the Order adopting and affirming the Report and Recommendation. (ECF No. 9.)

Plaintiff filed an Objection stating that he raises his claim against Defendant in his personal

2

capacity under *Bivens*. (ECF No. 10, PageID 63–64.) Plaintiff also argued that Defendant was not authorized to divert his CARES Act payment for the purpose of paying a child support obligation. (*Id.* PageID 64–65.)

**IV. Legal Standard**

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Upon an initial screening of a complaint under 28 U.S.C. § 1915A, the Magistrate Judge may recommend that the Court dismiss a complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(2).

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Courts liberally construe pleadings by pro se litigants, and such pleadings are subject to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (cleaned up)). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

V. **Analysis**

The Magistrate Judge correctly concluded that the narrow causes of action against a federal official in his personal capacity authorized under *Bivens* and its progeny does not extend to the type of factual situation alleged by Plaintiff. In *Carlson v. Green*, 446 U.S. 14 (1980), the United States Supreme Court held that a narrow Eighth Amendment cause of action exists for a civil damages remedy under *Bivens* based on the specific facts and posture of that case. 446 U.S. at 23–25. *Carlson* involved a survivorship action brought by the mother of a deceased prisoner who died from an asthma attack. *See Haggard v. Stevens*, 683 F.3d 714, 716 (6th Cir. 2012) (summarizing *Carlson*). The Supreme Court allowed a *Bivens* action to continue in that case on very narrow grounds. *See id.* at 716–18 (explaining the narrow holding of *Carlson*). Since then, courts have been extremely reluctant to recognize additional implied causes of action under *Bivens*. *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) ("[T]he [U.S. Supreme] Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." (quoting *Iqbal*, 556 U.S. at 675)).

Plaintiff's Objection raises no new arguments or feasible grounds for the expansion of the *Bivens* remedy under the circumstances of his case. The Magistrate Judge correctly concluded that his deliberate indifference claim based on the garnishment of his CARES Act payment for child

4

support is not a recognized basis for a *Bivens* action against a federal official.

Furthermore, Plaintiff's claim lacks merit. As one federal court has observed in a similar case:

> By its terms the CARES Act, Pub. L. 116-136 (Mar. 27, 2020), expressly provides that the "economic impact payment" of up to $1,200.00 per person cannot be offset against the kinds of debts expressly identified in Section 2201(d)(1) to (d)(3) of the Act. However, child support obligations are not one of the debts excepted from setoff. Accordingly, the stimulus payment can be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code. *See* 26 U.S.C. § 6402(c) (2019), 26 U.S.C. § 6428 (2020). The website of the Internal Revenue Service dedicated to the CARES Act stimulus payment states this clearly: "Your [Economic Impact] Payment will be offset if you owe past-due child support."

*Butler*, 2020 WL 7322717, at *1 (citations omitted).

The Magistrate Judge relied in part on the holding and rationale in *Butler* to recommend dismissal of Plaintiff's claim, and Plaintiff provides no contrary authority in his Objection.

Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 10) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 5). The Court **DISMISSES with prejudice** Plaintiff's claim. The Court **CERTIFIES** that an appeal of this Opinion and Order adopting the Magistrate Judge's Report and Recommendation would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to enter judgment, to close this case on the Court's docket, and to mail a copy of this Opinion and Order to Plaintiff Ronald Treadwell at A757-550, London Correctional Institution, P.O. Box 69, 1580 State Route 56, London, Ohio 43140.

**IT IS SO ORDERED.**

**10/17/2025**     s/Edmund A. Sargus, Jr.
**DATE**           **EDMUND A. SARGUS, JR.**
                   **UNITED STATES DISTRICT JUDGE**